| | |
|---|---|
| Patricia Uzzell, Teresa Whitehead, Gene Taylor, Melissa Hayman, on behalf of themselves, and others similarly situated, : : : : Plaintiff, : : vs. : : Mayor Jeff Johnson, Commissioner Judy Mason, Commissioner, Peggy Lamm, and Commissioner David Johnson, Commissioner Michael Best, in their individual and officer capacities, the Town of Lucama, and the Crossroads Volunteer Fire Department, Inc., : : : : : : : : Defendants. : | **DAVID JOHNSON'S ANSWER to AMENDED COMPLAINT** |

Defendant David Johnson ("Johnson"), by and through the undersigned counsel of record, responds to the Plaintiffs' Complaint as follows:

## ANSWER

In response to the allegations in the individually-numbered paragraphs of Plaintiffs' Amended Complaint, Defendant David Johnson pleads as follows:

1. It is admitted that Plaintiff Uzzell is a resident of Wilson County and is an elected member of the Board of Commissioners of the Town of Lucama.  It is also admitted that she receives a stipend from the Town for her service on the Board, but it is denied that she is an employee of the Town of Lucama.  Except as expressly admitted, any remaining allegations are also denied.

2. Admitted, upon information and belief, that Whitehead is a resident of Wilson County, North Carolina, but it is denied that she is an employee of the Town of Lucama.

3. Admitted.

4. Admitted that Plaintiff Hayman is a resident of Wilson County, but denied that she is currently employed.

5. In response to the allegations contained in paragraph 5, it is admitted that Jeff Johson is David Johnson's son, is a Wilson County resident, serves as the elected Mayor, and works for the CVFD as Assistant Fire Chief, and that he is paid a stipend for his service. It is denied that the Town of Lucama is a "joint employer" of either David or Jeff Johnson.

6-9. In response to the allegations contained in paragraphs 6 through 9, it is admitted that Defendants Mason, Lamm, Johnson and Best are residents of Wilson County and serve in elected positions on the Town Board for Lucama. It is also admitted that each of them receives a stipend for their service, but it is denied that the stipend is a wage of any sort, and it is further denied that any of them have any sort of employment relationship with the Town.

10. In response to the allegations contained in subparagraph 10(A), it is admitted only that the Town of Lucama is a "city" formed pursuant to the provisions of Chapter 160A of the North Carolina General Statutes. The remaining allegations contained in paragraph 10 (and all of its subparagraphs) are denied.

11. Admitted.

12. The allegations in this paragraph appear to be legal conclusions to which no response is required, but to the extent a response may be deemed required, those allegations are denied. It is expressly denied that this Defendant, or any of the Defendants, is liable to any of the Plaintiffs in any fashion as alleged.

13. Denied.

14-15. The allegations in these paragraphs appear to be legal conclusions to which no response is required, but to the extent a response may be deemed required, those allegations are denied. It is expressly denied that this Defendant, or any of the Defendants, is liable to any of the Plaintiffs in any

4

fashion as alleged. It is further denied that any of the Plaintiffs have standing to assert any claims against Defendant David Johnson.

16-24. These paragraphs are denied.

25. In response to the allegations in paragraph 25, it is denied that Plaintiffs have "met all administrative prerequisites under Title VII," as alleged. By way of further response, Plaintiff Whitehead failed to exhaust her administrative remedies because she, as a political appointee on the policy making level, is not covered by Title VII, while the remaining Title VII claimants are not covered because the Town is not a covered "employer" under Title VII. This Defendant lacks sufficient knowledge to form a belief as to the remaining allegations in this paragraph, so those allegations are denied.

26. Denied.

27. Denied.

28. In response to the allegations contained in paragraph 28, it is admitted only that, upon information and belief, Plaintiffs were motivated to file this lawsuit for improper partisan political purposes. The remaining allegations contained in this paragraph are denied. It is specifically denied that any of the Defendants have engaged in any wrongful or unlawful actions, and further denied that Plaintiffs have suffered or sustained any sort of injury or damage.

29. Denied.

30. The allegations in this paragraph are denied, except that it is admitted only that Plaintiffs, or some of them, filed meritless charges of discrimination with the EEOC. Otherwise, denied.

31. Denied.

32. In response to the allegations in paragraph 32, it is admitted only that Plaintiffs live in Wilson County and some of them work in Wilson Count, and that Defendants are members of the Board of Commissioners. Except as expressly admitted, all remaining allegations are denied.

33. Upon information and belief, it is admitted that Plaintiff Uzzell is a Black or African-American person, was elected in November of 2017, and began serving shortly after her election.

34. Upon information and belief, admitted.

35. In response to the allegations in paragraph 35, it is admitted that Plaintiff Whitehead is Black or African-American, and that she was hired as Town Administrator in or about April of 2019. Except as expressly admitted, any remaining allegations are denied.

36-37. Upon information and belief, it is admitted only that the text set forth in paragraphs 36 and 37 appears to be excerpts from the Town's Code of Ordinances, but it is denied that these excerpts are full and complete recitations of the provisions at issue. Except as expressly admitted, any remaining allegations in this paragraph are denied. It is specifically denied that any Wilson County Sheriff's Department deputies who patrol in the area of the Town are employees of the Town.

38. Upon information and belief, admitted.

39. Upon information and belief, it is admitted that the quoted language appears in the Town's code of ordinances, but it is denied that the Crossroads Volunteer Fire Department (and its members) are an administrative department of the Town, as CVFD is actually a non-profit with its own Board of Directors. Except as expressly admitted, any remaining allegations are denied.

40. Upon information and belief, admitted.

41. Upon information and belief, admitted.

42. In response to the allegations contained in paragraph 42, it is admitted only that the previous Town Administrator was separated from employment prior to the time Plaintiff Whitehead was hired, and that, upon information and belief, the Town entered into a settlement with her. Except as expressly admitted, any remaining allegations in this paragraph are denied.

43. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

44. In response to the allegations in paragraph 44, it is admitted that Plaintiff Hayman is a Black or African-American person, and that she was hired after April of 2019.

45. In response to the allegations in paragraph 45, it is admitted that Ms. Hare is a White person. Upon information and belief, she is not a Plaintiff in this lawsuit, so that allegation is denied. Except as expressly admitted, the remaining allegations in this paragraph are also denied.

46. In response to the allegations in this paragraph, it is admitted that Plaintiff Taylor is a Black or African-American person, and that he is an employee of the Town. Defendant lacks sufficient knowledge or information to form a belief as to whether he was the first Black employee ever hired by the Town, so that allegation is denied.

47. Admitted.

48. In response to the allegations in paragraph 48, it is admitted that Johnson periodically discusses job duties and responsibilities with Public Works employees, but it is denied that he regularly supervises those employees. Except as expressly admitted, any remaining allegations in this paragraph are denied.

49. Admitted.

50. Upon information and belief, denied.

51. In response to the allegations contained in paragraph 51, it is admitted that the quoted text refers to some of the duties and responsibilities of the CVFD, but it is denied that the text is a full and complete recitation of those duties and responsibilities.

52. Denied. It is specifically denied that Defendant David Johnson has directed racists epithets towards Black (or African-American) or other non-White persons in any of his conversations with any such persons.

53. The allegations in paragraph 53 are denied as stated. By way of further response, it is specifically denied that "employees of the fire department" have any sort of employment relationship

with the Town. It is also denied that David Johnson regularly supervises public works employees.

54. This answering Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff Uzzell's opinions, or when she may have begun to harbor any such opinions or beliefs, so the allegations in this paragraph are denied. Any remaining allegations are also denied.

55. Denied.

56. Denied. It is specifically denied that Defendant David Johnson has threated any sort of violence, or is "destructive" or vindictive, as alleged.

57. Upon information and belief, denied.

58-60. In response to the allegations contained in these paragraphs, it is admitted only that Ms. Flowers was elected to the Board of Commissioners and ultimately resigned a few years later, citing health problems. This answering Defendant lacks sufficient information or knowledge to form a belief as to the allegations discussing Ms. Flowers' feelings or subjective beliefs, so those allegations are denied. The remaining allegations are also denied.

61-63. This answering Defendant lacks sufficient information or knowledge to form a belief as to the allegations in paragraphs 61 through 63, so those allegations are denied.

64. In response to the allegations in paragraph 64, it is admitted only that Flowers resigned from the Board, citing health concerns. The remaining allegations are denied for lack of information or belief.

65-66. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraphs 65 and 66, so those allegations are denied.

67-68. Denied.

69. In response to the allegations contained in paragraph 69, it is denied that Defendant David Johnson has threatened anyone with physical harm. The allegations in this paragraph are denied.

70. Upon information and belief, denied.

71.     In response to the allegations in paragraph 71, Defendant David Johnson does not recall what occasion the alleged comments were purportedly made, so these allegations are denied for lack of information and belief.

72-74.  The allegations in paragraphs 72 through 74 are denied as stated.  By way of further response, Plaintiff Taylor actually had less experience than the employee at issue, was not as qualified, and further lacked the skills and training.   The remaining allegations are also denied.

75.     Upon information and belief, denied.

76.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 76, so those allegations are denied.  The allegations in the second sentence are denied.

77.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in the first sentence of paragraph 77, so those allegations are denied.  The allegations in the remainder of the paragraph are also denied.

78.     Denied.

79-80.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

81-83.  In response to the allegations in paragraphs 81 through 83, it is admitted only that Plaintiff Whitehead claimed to have heard rumors about Defendant Johnson, and further claimed that she was offended by those rumors.  Except as expressly admitted, any remaining allegations in these paragraphs are denied.

84.     Denied.

85-86.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

87.     In response to the allegations contained in paragraph 87, it is admitted only that a few Lucama

residents who have political differences with Defendant David Johnson have advocated that he resigns. Defendant Johnson denies driving his golf cart in a manner so as to threaten Ms. Crabtree. The remaining allegations are also denied.

88-89. It is admitted that the Board accepted the resignation of Ms. Blalock, but Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in these paragraphs, so those allegations are denied.

90-91. In response to the allegations in these paragraphs, it is admitted only that Ms. Williams came to the Town meeting and claimed to have heard unfounded rumors about Defendant Johnson. The remaining allegations are denied.

92. Denied.

93. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

94. In response to the allegations in paragraph 94, it is admitted only that Plaintiffs Uzzell and Whitehead were asked to leave a closed session of the Town Board meeting where their own lawsuit was being discussed. Except as expressly admitted, any remaining allegations in this paragraph are denied.

95-96. The allegations in these paragraphs are denied.

97. It is admitted that the Town keeps public records in the course of its business, and that those records are public property. The remaining allegations in this paragraph are denied.

98-100. The allegations in these paragraphs are denied.

101-104. The allegations in these paragraphs are denied for lack of information or belief.

105. This answering defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 105, so those allegations are denied.

The allegations in the section entitled "preamble" appear to be legal conclusions to which no

response is required, but to the extent a response may be deemed required, those allegations are denied as stated.

106. Defendant realleges and incorporates by reference his responses to the preceding paragraphs.

107-120. The allegations in these paragraphs are denied.

121. Defendant realleges and incorporates by reference his responses to the allegations in the preceding paragraphs.

122-125. The allegations contained in these paragraphs are denied.

126. Defendant realleges and incorporates by reference his responses to the allegations in the preceding paragraphs.

127-131. The allegations in these paragraphs pertain to a claim that has been dismissed by Order of the Court, so no response is required, but to the extent a response may be deemed required, those allegations are denied.

132. Defendant realleges and incorporates by reference his responses to the allegations in the preceding paragraphs.

133-139. The allegations in these paragraphs pertain to claims that have been dismissed by Order of the Court, so no response is required, but to the extent a response may be deemed required, those allegations are denied.

140-148. Paragraphs 140 through 148 appear to be requests for a trial by jury and other relief from the Court, rather than allegations directed towards any of the Defendants, but in any event, those allegations are denied. It is specifically denied that the Plaintiffs are entitled to a recovery or relief of any sort from any of these Defendants.

149. Except as expressly admitted above, any remaining allegations (including those contained in Plaintiff's prayer for relief) are denied. It is specifically denied that the Plaintiffs are entitled to a recovery or relief of any sort from any of these Defendants.

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim against this answering Defendant upon which relief may be granted.

## SECOND DEFENSE

Defendant pleads the doctrine of qualified immunity in bar of Plaintiffs' federal law claims against him.

## THIRD DEFENSE
### (Causation)

Defendant's alleged, but denied, conduct has not proximately caused Plaintiffs any harm, which is pled in bar of all or any part of Plaintiffs' actions which would be applicable.

## FOURTH DEFENSE
### (Punitive Damages)

The Defendant's conduct in this case does not rise to the level meriting an award of punitive damages. Defendant pleads as a further defense and / or avoidance, that Plaintiffs' claims for punitive damages may be barred or otherwise limited by due process safeguards and the provisions set forth in N.C.G.S. §1D-1, *et seq*.

## FIFTH DEFENSE
### (lack of subject matter jurisdiction)

Defendant pleads the defense of lack of subject matter jurisdiction. Plaintiffs lack standing for some or all of their claims, and further lack standing to seek the sorts of relief for which they pray.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitations and/or repose.

## SEVENTH DEFENSE

Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine, and further fail because a municipality cannot be a party to a civil conspiracy as a matter of law.

## EIGHTH DEFENSE

Plaintiff Uzzell is not an employee of the Defendant Town, so she lacks standing to assert any sort of "hostile environment" claim, either against this Defendant or any other Defendant.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendant David Johnson respectfully prays the Court for the following relief:

1. That Plaintiffs have and recover nothing of this Defendant and that their claims against him be dismissed with prejudice;

2. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiffs;

3. For a bifurcated trial as to any matters related to punitive damages;

4. That the Court grant a trial by jury as to all such matters properly and customarily determined by a jury, and that the Court decide those equitable matters and legal issues properly and customarily determined by the Court; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 5th day of October, 2021.

CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

/s/ Norwood P. Blanchard, III
Norwood P. Blanchard, III
State Bar Number: 26470
5002 Randall Parkway
Wilmington, NC 28403
Tel. 910-762-9711
Fax. 910-256-0310
norwood@cmclawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will electronically serve counsel for the following parties:

Valerie Bateman
Forrest Firm, PC
406 Blackwell St. Suite 420
Durham, NC 27701

Katie Hartzog
Hartzog Law Group
1903 N. Harrison Ave., Ste 200
Cary, NC 27513

This the 5th day of October, 2021.

                        CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

                        /s/ Norwood P. Blanchard, III
                        Norwood P. Blanchard, III