IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:20-cv-00167-FL

| | |
|---|---|
| PATRICIA UZZELL, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COMMISSIONER DAVID JOHNSON, in )<br>his individual and official capacity, and )<br>TOWN OF LUCAMA, )<br>)<br>Defendants. ) | **DEFENDANT TOWN OF LUCAMA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE** |

Defendant the Town of Lucama ("Defendant"), by and through undersigned counsel, and pursuant to Local Civil Rule 7.1(f), hereby submits this Response in Opposition to Plaintiffs' Motion to Extend the Discovery Deadline.

**STATEMENT OF THE CASE**

Plaintiffs filed the instant action in the U.S. District Court for the Eastern District of North Carolina on April 21, 2020. DE 1. On October 6, 2020, Plaintiffs filed an Amended Complaint. DE 62. Following Defendant's Motion to Dismiss Plaintiff's Amended Complaint, on September 20, 2021, the Court entered an Order in which it dismissed all claims against Defendant except for Plaintiffs' Section 1983 hostile work environment claim. DE 83.

On October 26, 2021, the Court entered a Case Management Order governing discovery and other matters in this case. DE 89. On June 8, 2022, Plaintiffs filed a Motion to Extend the Discovery Deadline. DE 93. Plaintiffs filed this motion because they filed to timely serve discovery requests in accordance with the Case Management Order which mandates that "all discovery be commenced or served in time to be completed by June 21, 2022." DE 89. For the

1

reasons provided herein, Defendant submits this Response in Opposition to Plaintiffs' Motion to Extend the Discovery Deadline and respectfully requests that the Court deny Plaintiffs' Motion.

## STATEMENT OF THE FACTS

Since the commencement of the discovery period, Plaintiffs have acted in disregard of all discovery deadlines established by the Court and/or agreed to by the parties. On October 26, 2021, the Court entered a Case Management Order in which it mandated that all discovery be commenced or served in time to be completed by June 21, 2022. DE 89. Pursuant to the Case Management Order, all parties' Initial Disclosures were due on November 15, 2021. Defendant timely served its Initial Disclosures on all parties to the action on November 15, 2021. After the deadline had passed, on November 18, 2021, Plaintiffs requested—and received—Defendants' consent to an informal extension of time in which to serve their Initial Disclosures, to and including December 1, 2021. Ex. 1. Plaintiffs again disregarded the agreed upon deadline of December 1, 2021. Plaintiffs did not serve their Initial Disclosures until over two months after the original due date, on January 17, 2022. Ex. 2.

On December 7, 2021, Defendant served discovery requests including Requests for Admission, Interrogatories, and Requests for Production of Documents on each of the Plaintiffs by mail. Ex. 3. Plaintiffs then had 30 days to respond, up to and including January 6, 2022. On December 9, 2021, counsel for Plaintiffs indicated she was in the process of transitioning to a new firm and requested that Defendant send its discovery requests electronically via email. Ex 4. Defendant provided the requests via email as requested. Ex. 5.

Once again, the due date for Plaintiffs to provide discovery responses came and went, with no response from Plaintiffs. After repeated requests for responses from Plaintiffs, Defendant again agreed to an extension of time, through February 26, 2022, in consideration of Plaintiffs' counsel's

2

transition to her new firm. Exs. 6-7. Plaintiffs missed the agreed upon extended deadline. Plaintiffs served incomplete responses to discovery on February 28, 2022, responding only to Defendant's Requests for Admission and none of its other discovery requests. Ex. 8.

On March 16, 2022, Defendant informed Plaintiffs that it would be filing a motion to compel complete discovery responses from Plaintiffs if it did not receive the remainder of Plaintiffs' discovery responses by April 1, 2022. Ex. 9. Plaintiffs Gene Taylor, Patricia Uzzell, and Teresa Whitehead subsequently served unverified responses to Defendant's Interrogatories and Requests for Production of Documents later the same day. Plaintiff Melissa Hayman served unverified responses to same on March 17, 2022. Ex. 10. Although Plaintiffs indicated several times that verification of their responses to Defendant's Interrogatories would be forthcoming, to date, Plaintiffs have yet to verify their responses.

Pursuant to the Case Management Order entered in this action, Plaintiffs' Supplemental Disclosures were due on May 12, 2022. Plaintiffs again disregarded this deadline and instead served their Supplemental Disclosures on June 1, 2022. Ex. 11.

On May 23, 2022, over two years since Plaintiffs filed their Complaint and over six months since Defendant served its first discovery requests on Plaintiffs, Plaintiffs served their first set of Requests for Production on Defendant. Ex. 12. Pursuant to Fed. R. Civ. P. Rule 33(b)(2), Defendant objected to these requests on June 21, 2022, in part, on the basis the requests were served less than 30 days prior to the discovery deadline mandated by the Court and previously stipulated to by the parties in their Joint Rule 26(f) Report. Ex. 13.

**ARGUMENT**

Plaintiffs argue in their Motion for Extension of Time to Complete Discovery that they failed to timely serve discovery requests on Defendant more than 30 days prior to the expiration

3

of the discovery period in this matter because counsel for Plaintiffs recently established a new law firm. However, as Plaintiffs' counsel herself admits, this firm has been up and running for at least 6 months, since January of this year. DE 93. Plaintiffs' counsel should not now be allowed to amend the discovery deadline when she has had over six months to serve discovery requests that were timely.

Notably, and as set forth above, Plaintiffs' counsel has been dilatory throughout the lawsuit, acting in disregard of the Court's Case Management Order since it was entered in October 2021. In direct contravention of the deadlines mandated by the Court and stipulated to by the parties, Plaintiffs have consistently submitted discovery documents well past their due dates. The untimeliness of the discovery requests at issue here is only the latest in a long line of documents which Plaintiffs, through their counsel, have submitted, expecting Defendant to excuse the untimeliness of. Specifically, Plaintiffs have served the following documents outside of their respective deadlines: their initial disclosures, supplemental disclosures, responses to Defendant's written discovery requests, and now their own written discovery requests to Defendant.

Plaintiffs' flagrant disregard for the Court's Case Management Order and stipulations of the parties, including informal extensions of time, should not be countenanced by this Court. This is not merely one instance of excusable neglect, as demonstrated by Plaintiffs pattern of behavior throughout the entirety of this action. Moreover, Defendant respectfully requests the Court consider, in addition to Plaintiffs' pattern of behavior throughout this case, the fact that Plaintiffs could have served discovery at any time, but evidently chose not to do so until (after) the very last minute. Regardless of whether Plaintiffs believed the discovery completion deadline to be June 30, 2022 or June 21, 2022, the fact remains that they waited over six months from the commencement of the discovery period before serving any discovery requests whatsoever.

4

Plaintiffs' counsel cannot continue to rely on an event that occurred more than six months ago as an excuse for continuing to violate deadlines set by this Court.

The Court should further deny Plaintiffs' motion because, in addition to the untimeliness of the discovery requests which are the basis for Plaintiffs' request to extend the discovery deadline, the discovery requests themselves are irrelevant and amount to no more than a last-ditch fishing expedition that is unrelated to Plaintiffs' hostile work environment claims. For instance, Plaintiffs have requested that Defendant produce "[a]ll utility bills for each customer of the Town of Lucama municipal utilities (including but not limited to water and electricity) for each month during the time period between April 20, 2017, and the present." Ex. 12, Req. 1. Plaintiffs have additionally requested that Defendant produce "[a] copy of all receipts for expenditures related to any work performed on or within 500 feet of the municipal building located at 111 S. Main Street, Lucama, NC between April 20, 2017, and the present" and "[a] copy of any records related to purchases of vehicles made by the Town between April 20, 2017, and the present." Ex. 12, Reqs. 11-12. These requests have no conceivable relevance to Plaintiffs' hostile work environment claim, which at least one of the Plaintiffs readily admitted when questioned about them during her deposition. Ex. 14. The Court should not extend the discovery deadline solely for the purpose of making these overbroad requests—which will not lead to the discovery of admissible evidence—retroactively timely.

## **CONCLUSION**

For the reasons stated herein, Defendant respectfully requests that the Court DENY Plaintiffs' Motion to Extend the Discovery Deadline.

Respectfully submitted this the 21st day of June 2022,

/s/ *Katie Weaver Hartzog*
Katie Weaver Hartzog
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
Marian Burroughs
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
HARTZOG LAW GROUP
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2022, Defendant the Town of Lucama electronically filed the foregoing *RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE* with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following:

Valerie L. Bateman
NEW SOUTH LAW FIRM
N.C. Bar 13417
209 Lloyd St., Ste 350
Carrboro, NC 27510
Telephone: (919) 810-3139
Email: valerie@newsouthlawfirm.com
*Attorney for Plaintiffs*


Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorney for Defendant David Johnson*


Respectfully submitted this 21st day of June, 2022.

        **HARTZOG LAW GROUP**

        /s/ *Katie Weaver Hartzog*
        KATIE WEAVER HARTZOG
        N.C. State Bar No. 32989
        E-mail: khartzog@hartzoglawgroup.com
        MARIAN BURROUGHS
        N.C. State Bar No. 55124
        E-mail: tburroughs@hartzoglawgroup.com
        2626 Glenwood Avenue, Suite 305
        Raleigh, North Carolina 27608
        Telephone: (919) 670-0338

Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*