IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:20-cv-00167-FL

PATRICIA UZZELL, et al.,        )
                                )
            Plaintiffs,         )
                                )
    v.                          )   **DEFENDANT TOWN OF LUCAMA'S**
                                )   **FIRST SET OF INTERROGATORIES,**
COMMISSIONER DAVID JOHNSON, in  )   **REQUESTS FOR ADMISSION, AND**
his individual and official capacity, and )   **REQUESTS FOR PRODUCTION**
TOWN OF LUCAMA,                 )
                                )
            Defendants.         )

**TO:    Teresa Whitehead, Plaintiff**
**By and Through Her Attorney of Record**
**Valerie Bateman**
**Via U.S. Mail**
valerie.bateman@forrestfirm.com

Please take notice these requests for admission, interrogatories, and requests for

production of documents are propounded pursuant to Rules 26, 33, 34 and 36 of the Federal

Rules of Civil Procedure and should be answered under oath within thirty (30) days from

the date of service.

## DEFINITIONS AND INSTRUCTIONS

A.      Plaintiff is required when answering these Interrogatories, to furnish all

information that is available to her, her attorneys or agents, or anyone acting on behalf of

her attorneys or agents. All references to the Plaintiff include her agents, attorneys, and

employees.

B.      These Interrogatories are deemed to be continuing, such as to require the

Plaintiff to serve supplemental answers should she learn of additional information called

for by these Interrogatories between the time answers are served and the time of trial. Said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

C.    You are under a duty to promptly amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response was incorrect when made or you know the response, though correct when made, is no longer true.

D.    "You" or "your" means Plaintiff Teresa Whitehead, her representatives, agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of her, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

E.    "Defendant" means Defendant the Town of Lucama, North Carolina, its agents, employees, assignees, affiliates or anyone active on its behalf.

F.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity, and their representatives.

G.    "Identify" when used with respect to a natural person, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses and telephone number or, if present addresses are unknown, the last residential and business address and

telephone number; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

H.     "Identify" when used with respect to an expert, means to state the individual's name or other means of identification, address, telephone number, profession or occupation, and the field in which he/she is allegedly an expert.

I.     "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its addresses; the addresses of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available, state any other available means of identifying such person.

J.     "Identify" when used in reference to a tangible thing, means to state its name, location, and a brief description of it.

K.     "Identify" when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, author, and addresses, and state the name, address, and business relationship (if any) to each party in this action of each and every person who has such document or any drafts or copies thereof in his or her or its possession, custody or control, and the location of such documents. A

request herein that a document be identified or described calls for the following additional specific information concerning it:

1. As to each document of a written communication mentioned or referred to in an answer, a statement of:

   a. its nature (example: contract, report, letter, memorandum, etc.);

   b. the date it was written;

   c. the date it was received;

   d. the identity of the party sending it;

   e. the identity of the person to whom it was sent;

   f. a statement of the subject matter and substance of the communication;

   g. the identity of each person or persons who prepared it or participated in preparing it in any way; and

   h. the name and last known address of the person who has custody of it as of the date these Interrogatories were answered.

2. As to each document other than a document of a written communication mentioned or referred to in an answer, a statement of:

   a. its nature (example: contract, asset share study, memorandum, evaluation, report, photo, computer program, recording, etc.);

   b. its title, if any;

   c. the date it was prepared;

   d. the identity of the person or persons who prepared it or participated in

preparing it in any way or signed it;

  e.  a statement of its subject matter and substance; and

  f.  the name and last known address of the person who presently has custody of it.

  L.  The word "writing," "record," "document," or "documents" when used herein shall include, without limitation, every original and any non-identical copy of any written, printed, typed, recorded, transcribed, graphic matter, or data compilations from which information can be obtained or translated, however produced or reproduced, whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground. These include, but are not limited to, all reports, annual reports, records, writings, minutes, meeting notices, agendas and summaries pertaining to all meetings, formal or informal, handouts, diaries, calendars, summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, photographs, tapes, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic or mechanical transmissions, data sheets, financial statements, canceled and uncanceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, micro prints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records,

time slips or any other form of writing or record of any kind, including electronically stored information in computer banks, on disks, or any other electronic device, of any kind whatsoever. "Document" shall include official corporate documents as well as documents maintained personally in handwriting or otherwise by the Plaintiff or any employee, agent, attorney, assignee, or lessee thereof. "Document" shall also include all drafts or versions thereof.

M.      "Communication" shall mean all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

N.      If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production of documents or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

O.     If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

P.     General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

Q.     This Request is continuing in nature so as to require you to produce any further documents responsive to this Request obtained after the initial production and before trial.

R.     Documents shall be produced to the extent that they are in the possession of or subject to the control of the Plaintiff and her attorneys, agents, and all other persons acting, appearing, or purporting to act on behalf of the Plaintiff.

S.     If documents responsive to a Request are not available or no longer exist, state the reasons for their unavailability or non-existence. If any documents are unavailable because they are not in your possession, please identify their location and identity and address of the present custodian.

T.     If an Interrogatory or Request does not specify a time period, then the Interrogatory or request is seeking all responsive information at any time.

## REQUESTS FOR ADMISSION

1.    Admit that Defendant David Johnson is not an employee of the Town.

**ANSWER:**


2.    Admit that Defendant David Johnson is an elected official of the Town, serving as one of five of the Town's Commissioners.

**ANSWER:**


3.    Admit that the Town acts through its Board of Commissioners, as a whole, and not through any single Board member.

**ANSWER:**


4.    Admit that, during the December 2, 2019 Town Board meeting, Defendant David Johnson denied allegations that he used racial slurs to describe nonwhite Town employees.

**ANSWER:**


5.    Admit that you have never personally heard either Defendant David Johnson nor any other Lucama Town Commissioner use any racial slur to describe any Town employee.

**ANSWER:**

# INTERROGATORIES

1.     If your response to any of the foregoing requests for admission was anything but an unqualified admission, explain why.

   **ANSWER:**

2.     State Plaintiff's full name and date of birth.

   **ANSWER:**

3.     State each address Plaintiff has had in the last ten years, including her present address and the dates of residence at each.

   **ANSWER:**

**Street Address**                    **City and State**                    **Dates**

4.     Set forth the name, address, and telephone number of each person Plaintiff expects to use as an expert witness in this case. For each person identified, set forth her or her area of expertise, a summary of the subject matter on which the expert will testify, and identify any reports and/or documents that will be used to support the expert's testimony.

   **ANSWER:**

5.     State whether Plaintiff has ever been a party or claimant in a workers' compensation claim, unemployment claim, claim before the Department of Labor, charge of discrimination, lawsuit, or other legal or administrative (civil or criminal) claim or action of any kind, and for each such claim or action, set forth the date the claim or action was filed; the civil or criminal action number or other identifying number of the claim or action; the state, county, or district within which any such action was filed; the name of the opposing party in the claim or action; the type of injury for which the claim or action was filed; and the final resolution of the claim or action.

**ANSWER:**

6.     If Plaintiff has ever received disability benefits or workers' compensation benefits from any agency, company, or government organization, please state the nature and dates of such payments, from whom such payments were received, and a description of any injuries or disabilities for which such payments were made.

**ANSWER:**

7.     Please provide the full name, last known address, and telephone number of every person known to Plaintiff or to her attorneys, who has any knowledge of any discoverable matters or any knowledge of the facts or circumstances surrounding the allegations in the Complaint, and state with particularity the substance of such knowledge.

**ANSWER:**

8.     If Plaintiff is aware of the existence of any written or recorded statement, including any electronically transmitted statement, made by any party or potential witness in this action, state the name of each person making the statement, the date of the statement, and the name and last-known address of the person now in possession of the original statement and/or any copy of such statement.

**ANSWER:**

9.     Set forth an itemized statement (including a calculation of the dollar value) of all actual or alleged damages (including, but not limited to, back pay, front pay, and employee or retirement benefits) claimed to have been suffered by Plaintiff as a result of the Defendant's alleged conduct, and explain or define each element of those damages, and the precise mathematical calculation by which Plaintiff contends those damages have been or should be computed.

**ANSWER:**

10.     Please describe in detail every element of damages referenced in Plaintiff's Complaint, separately identifying and estimating each category of such damages and identifying all documents that support or relate thereto.

**ANSWER:**

11.     For each employer with whom Plaintiff has sought employment since her separation of employment with the Town, set forth the following:

a.      the name, address, and telephone number of the employer;

b.      the date(s) on which Plaintiff sought work from the employer;

c.      the person(s) which whom Plaintiff had contact regarding said employment;

d.      whether Plaintiff received an offer of employment, and, if so, the position, pay, and benefits offered; and

e.      If Plaintiff was offered employment, whether you accepted or rejected the offer, and if he rejected it, the reasons for having done so.

**ANSWER:**

12.     Set forth a list of all employers by whom Plaintiff has been employed (including self-employment) since her separation of employment with the Town. Include the following in your response:

a.      name, address, and telephone number of the employer and the supervisor;

b.      position(s) held by Plaintiff, and a description of the job duties;

c.      dates of employment;

d.      rate of pay (hourly rate or annual salary, and bonuses received or to which entitled);

e.      scheduled hours of work per week;

f.      benefits provided by employer (including, but not limited to, insurance benefits, retirement benefits, and stock options); and

g.      reason for termination of the employment, if applicable.

**ANSWER:**


13.     Set forth a list of sources from which Plaintiff has received income (other than from the Town and employers listed in response to Interrogatory No. 10) since her separation of employment from the Town. For each such source listed, please provide the following information:

a.      name, address, and telephone number of the source from which income was received;

b.      date(s) on which income was received from each source;

c.      total amount of income received from the source; and

d.      reason that income was received from the source.

**ANSWER:**


14.     If you claim to have lost any income or sustained any other economic loss as a result of the events alleged in the Complaint, state the alleged amount of the loss and give a detailed explanation of the basis for the alleged lost income or economic loss and identify the evidence that supports the allegations of economic loss.

**ANSWER:**

15.     List each job or position of employment, including self-employment, held by you during the last ten (10) years, stating as to each the name and address of the employer, the dates of commencement of and date of termination of each employment, the nature of the employment and duties performed, the name and address of your immediate supervisor, your rate of pay or compensation received, and the reason for termination from each such employment.

**ANSWER:**

16.     If any photographs, audiotapes, motion pictures, videos, or other recordings exist concerning any of the matters alleged in your Complaint or of any object involved in the matters alleged, please state what is shown by each such photograph or other recording; the date on which each such photograph or other recordings was taken; the name, address and telephone number of the person who took each such photograph or other recording; and the name, address and telephone number of the person who now has custody of such photograph or other recording.

**ANSWER:**

17.     Identify all facts supporting your allegations that the Town subjected you to a racially hostile work environment.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant herewith serves upon you the following Requests for Production of Documents in the possession, custody or control of Plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to produce and permit Defendant or someone acting on its behalf to inspect and copy the following documents:

1.      All documents of any kind that relate in any way (whether supportive or not) to the claims alleged in the Complaint, or the defenses asserted in this action.

**RESPONSE:**

2.      All written materials provided to you in connection with your employment with Defendant, including, but not limited to, policy manuals, employee handbooks, guidelines, memoranda, letters, e-mails, or other documents of any kind.

**RESPONSE:**

3.      All audio, video, electronic, digital, or other recordings and/or transcripts thereof made by you or on your behalf of any communications between you and any employee or agent (present or former) of Defendant.

**RESPONSE:**

4.      Any correspondence sent by or received by you (or any person acting on your behalf including but not limited to your attorney) to or from any person regarding any claims, defenses, facts, or allegations in this lawsuit. This request does not seek any information protected by the attorney-client privilege.

**RESPONSE:**

5.    All statements you have received from any person in any form (written, recorded, digital, electronic, or other), including, but not limited to, past or present employees of Defendant, relating to your claims in this lawsuit. Please include all statements in your possession that you received both before and after your separation of employment with Defendant.

**RESPONSE:**

6.    A resume, curriculum vitae, and all other prepared materials stating the qualifications of each individual who may be used by you as an expert witness at trial.

**RESPONSE:**

7.    A copy of all documents referenced, referred to, or relied upon in any of the foregoing interrogatories.

**RESPONSE:**

8.    All photographs, transcripts, notes, calendars, diaries, e-mails, recordings (audio, video, or otherwise), computer notes or diaries, or documentation *of any kind* which in any way reference, involve and/or evidence any of the matters alleged in the Complaint.

**RESPONSE:**

9.    A copy of your W-2 wage and tax statements and federal and state income tax returns for the years 2019 through the present date.

**RESPONSE:**

10.    All documents, including W-2 forms, pay stubs, statements, invoices, bills, receipts, and canceled checks, relating to or supporting your allegations that Defendant's

acts or omissions resulted in economic loss (including, but not limited to, lost wages, benefits, and other actual damages) to you.

**RESPONSE:**


11.    Documentation regarding any efforts made by you to obtain employment from the date of separation of your employment with Defendant to the present date, including, but not limited to, applications for employment, inquiries about employment made to prospective employers, weekly reports to the N.C. Division of Employment Security documenting efforts to secure work, rejection letters, acceptance letters, interview notes, and other correspondence with potential employers.

**RESPONSE:**


12.    Please produce all documents which you contend substantiate or support any of your claims for damages.

**RESPONSE:**


13.    All documents, including, but not limited to, affidavits, statements, or correspondence provided by you or on your behalf to the Equal Employment Opportunity Commission related to the allegations contained in your Complaint.

**RESPONSE:**


14.    All documents, including, but not limited to, correspondence, envelopes, or notice of right to sue, received by you from the Equal Employment Opportunity Commission related to the subject matter of this lawsuit.

**RESPONSE:**

15.     All electronic messages, e-mails, postings on internet message boards, and other electronic or digital transmissions of any kind created, sent, or received by you regarding any allegation contained in your Complaint or any facts related to this lawsuit.

**RESPONSE:**


16.     All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:

a.      refer or relate to the allegations set forth in your Complaint;

b.      refer or relate to any facts or defenses raised in Defendant's Answer;

c.      reveal, refer, or relate to any emotion, feeling, or mental state; or

d.      reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE:**


17.     Printouts from every page from your profiles as they existed on the date these discovery requests were served, from all social media applications in which you have participated or visited, including but not limited to, Facebook, Twitter, Google+, LinkedIn, and Instagram.

**RESPONSE:**


18.     Please produce any written or recorded statements of any employee, former employee, or representative of Defendant related to the incident alleged in your Complaint in your possession.

**RESPONSE:**

19.     To the extent not otherwise provided, please produce any documents or other tangible things, including any affidavits, which you contend support your claims against Defendant, or which you plan to introduce into evidence at trial in support of your claims against Defendant.

**RESPONSE:**

This the 7th day of December, 2021.

HARTZOG LAW GROUP LLP

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN T. BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I served the attached document via U.S. mail to the following:

Valerie Bateman
Forrest Firm, P.C.
406 Blackwell St., Suite 420
Durham, NC 27701
Telephone: (919) 436-3592
Facsimile: (919) 436-3592
valerie.bateman@forrestfirm.com
*Attorney for Plaintiffs*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorney for Defendant David Johnson*

This the 7th day of December, 2021.

HARTZOG LAW GROUP

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

| | |
|---|---|
| PATRICIA UZZELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **DEFENDANT TOWN OF LUCAMA'S** |
| | ) **FIRST SET OF INTERROGATORIES,** |
| COMMISSIONER DAVID JOHNSON, in | ) **REQUESTS FOR ADMISSION, AND** |
| his individual and official capacity, and | ) **REQUESTS FOR PRODUCTION** |
| TOWN OF LUCAMA, | ) |
| | ) |
| Defendants. | ) |

**TO:  Gene Taylor, Plaintiff**
**By and Through His Attorney of Record**
**Valerie Bateman**
**Via U.S. Mail**
valerie.bateman@forrestfirm.com

Please take notice these requests for admission, interrogatories, and requests for production of documents are propounded pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and should be answered under oath within thirty (30) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

A.    Plaintiff is required when answering these Interrogatories, to furnish all information that is available to him, his attorneys or agents, or anyone acting on behalf of his attorneys or agents. All references to the Plaintiff include his agents, attorneys, and employees.

B.    These Interrogatories are deemed to be continuing, such as to require the Plaintiff to serve supplemental answers should she learn of additional information called

for by these Interrogatories between the time answers are served and the time of trial. Said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

C.    You are under a duty to promptly amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response was incorrect when made or you know the response, though correct when made, is no longer true.

D.    "You" or "your" means Plaintiff Gene Taylor, his representatives, agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of his, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

E.    "Defendant" means Defendant the Town of Lucama, North Carolina, its agents, employees, assignees, affiliates or anyone active on its behalf.

F.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity, and their representatives.

G.    "Identify" when used with respect to a natural person, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses and telephone number or, if present addresses are unknown, the last residential and business address and

telephone number; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

H.    "Identify" when used with respect to an expert, means to state the individual's name or other means of identification, address, telephone number, profession or occupation, and the field in which he/she is allegedly an expert.

I.    "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its addresses; the addresses of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available, state any other available means of identifying such person.

J.    "Identify" when used in reference to a tangible thing, means to state its name, location, and a brief description of it.

K.    "Identify" when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, author, and addresses, and state the name, address, and business relationship (if any) to each party in this action of each and every person who has such document or any drafts or copies thereof in his or her or its possession, custody or control, and the location of such documents. A

request herein that a document be identified or described calls for the following additional specific information concerning it:

1. As to each document of a written communication mentioned or referred to in an answer, a statement of:

   a. its nature (example: contract, report, letter, memorandum, etc.);

   b. the date it was written;

   c. the date it was received;

   d. the identity of the party sending it;

   e. the identity of the person to whom it was sent;

   f. a statement of the subject matter and substance of the communication;

   g. the identity of each person or persons who prepared it or participated in preparing it in any way; and

   h. the name and last known address of the person who has custody of it as of the date these Interrogatories were answered.

2. As to each document other than a document of a written communication mentioned or referred to in an answer, a statement of:

   a. its nature (example: contract, asset share study, memorandum, evaluation, report, photo, computer program, recording, etc.);

   b. its title, if any;

   c. the date it was prepared;

   d. the identity of the person or persons who prepared it or participated in

preparing it in any way or signed it;

e.    a statement of its subject matter and substance; and

f.    the name and last known address of the person who presently has custody of it.

L.    The word "writing," "record," "document," or "documents" when used herein shall include, without limitation, every original and any non-identical copy of any written, printed, typed, recorded, transcribed, graphic matter, or data compilations from which information can be obtained or translated, however produced or reproduced, whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground. These include, but are not limited to, all reports, annual reports, records, writings, minutes, meeting notices, agendas and summaries pertaining to all meetings, formal or informal, handouts, diaries, calendars, summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, photographs, tapes, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic or mechanical transmissions, data sheets, financial statements, canceled and uncanceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, micro prints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records,

time slips or any other form of writing or record of any kind, including electronically stored information in computer banks, on disks, or any other electronic device, of any kind whatsoever. "Document" shall include official corporate documents as well as documents maintained personally in handwriting or otherwise by the Plaintiff or any employee, agent, attorney, assignee, or lessee thereof. "Document" shall also include all drafts or versions thereof.

M.     "Communication" shall mean all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

N.     If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production of documents or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

O.     If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

P.     General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

Q.     This Request is continuing in nature so as to require you to produce any further documents responsive to this Request obtained after the initial production and before trial.

R.     Documents shall be produced to the extent that they are in the possession of or subject to the control of the Plaintiff and her attorneys, agents, and all other persons acting, appearing, or purporting to act on behalf of the Plaintiff.

S.     If documents responsive to a Request are not available or no longer exist, state the reasons for their unavailability or non-existence. If any documents are unavailable because they are not in your possession, please identify their location and identity and address of the present custodian.

T.     If an Interrogatory or Request does not specify a time period, then the Interrogatory or request is seeking all responsive information at any time.

## REQUESTS FOR ADMISSION

1.      Admit that Defendant David Johnson is not an employee of the Town.

**ANSWER:**


2.      Admit that Defendant David Johnson is an elected official of the Town, serving as one of five of the Town's Commissioners.

**ANSWER:**


3.      Admit that the Town acts through its Board of Commissioners, as a whole, and not through any single Board member.

**ANSWER:**


4.      Admit that, during the December 2, 2019 Town Board meeting, Defendant David Johnson denied allegations that he used racial slurs to describe nonwhite Town employees.

**ANSWER:**


5.      Admit that you have never personally heard either Defendant David Johnson nor any other Lucama Town Commissioner use any racial slur to describe any Town employee.

**ANSWER:**

## INTERROGATORIES

1.      If your response to any of the foregoing requests for admission was anything but an unqualified admission, explain why.

**ANSWER:**


2.      State Plaintiff's full name and date of birth.

**ANSWER:**


3.      State each address Plaintiff has had in the last ten years, including his present address and the dates of residence at each.

**ANSWER:**

**Street Address**                    **City and State**                    **Dates**


4.      Set forth the name, address, and telephone number of each person Plaintiff expects to use as an expert witness in this case. For each person identified, set forth his or her area of expertise, a summary of the subject matter on which the expert will testify, and identify any reports and/or documents that will be used to support the expert's testimony.

**ANSWER:**


5.      State whether Plaintiff has ever been a party or claimant in a workers' compensation claim, unemployment claim, claim before the Department of Labor, charge of discrimination, lawsuit, or other legal or administrative (civil or criminal) claim or action of any kind, and for each such claim or action, set forth the date the claim or action was filed; the civil or criminal action number or other identifying number of the claim or action; the state, county, or district within which any such action was filed; the name of the opposing party in the claim or action; the type of injury for which the claim or action was filed; and the final resolution of the claim or action.

**ANSWER:**


6. If Plaintiff has ever received disability benefits or workers' compensation benefits from any agency, company, or government organization, please state the nature and dates of such payments, from whom such payments were received, and a description of any injuries or disabilities for which such payments were made.

**ANSWER:**


7. Please provide the full name, last known address, and telephone number of every person known to Plaintiff or to his attorneys, who has any knowledge of any discoverable matters or any knowledge of the facts or circumstances surrounding the allegations in the Complaint, and state with particularity the substance of such knowledge.

**ANSWER:**


8. If Plaintiff is aware of the existence of any written or recorded statement, including any electronically transmitted statement, made by any party or potential witness in this action, state the name of each person making the statement, the date of the statement, and the name and last-known address of the person now in possession of the original statement and/or any copy of such statement.

**ANSWER:**


9. Set forth an itemized statement (including a calculation of the dollar value) of all actual or alleged damages (including, but not limited to, back pay, front pay, and employee or retirement benefits) claimed to have been suffered by Plaintiff as a result of the Defendant's alleged conduct, and explain or define each element of those damages, and the precise mathematical calculation by which Plaintiff contends those damages have been or should be computed.

**ANSWER:**

10.    Please describe in detail every element of damages referenced in Plaintiff's Complaint, separately identifying and estimating each category of such damages and identifying all documents that support or relate thereto.

**ANSWER:**

11.    If you claim to have lost any income or sustained any other economic loss as a result of the events alleged in the Complaint, state the alleged amount of the loss and give a detailed explanation of the basis for the alleged lost income or economic loss and identify the evidence that supports the allegations of economic loss.

**ANSWER:**

12.    List each job or position of employment, including self-employment, held by you during the last ten (10) years, stating as to each the name and address of the employer, the dates of commencement of and date of termination of each employment, the nature of the employment and duties performed, the name and address of your immediate supervisor, your rate of pay or compensation received, and the reason for termination from each such employment.

**ANSWER:**

13.    If any photographs, audiotapes, motion pictures, videos, or other recordings exist concerning any of the matters alleged in your Complaint or of any object involved in the matters alleged, please state what is shown by each such photograph or other recording; the date on which each such photograph or other recordings was taken; the name, address and telephone number of the person who took each such photograph or other recording; and the name, address and telephone number of the person who now has custody of such photograph or other recording.

**ANSWER:**

14.     Identify all facts supporting your allegations that the Town subjected you to a racially hostile work environment.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant herewith serves upon you the following Requests for Production of Documents in the possession, custody or control of Plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to produce and permit Defendant or someone acting on its behalf to inspect and copy the following documents:

1.     All documents of any kind that relate in any way (whether supportive or not) to the claims alleged in the Complaint, or the defenses asserted in this action.

**RESPONSE:**

2.     All written materials provided to you in connection with your employment with Defendant, including, but not limited to, policy manuals, employee handbooks, guidelines, memoranda, letters, e-mails, or other documents of any kind.

**RESPONSE:**

3.     All audio, video, electronic, digital, or other recordings and/or transcripts thereof made by you or on your behalf of any communications between you and any employee or agent (present or former) of Defendant.

**RESPONSE:**

4.     Any correspondence sent by or received by you (or any person acting on your behalf including but not limited to your attorney) to or from any person regarding any claims, defenses, facts, or allegations in this lawsuit. This request does not seek any information protected by the attorney-client privilege.

**RESPONSE:**

5.     All statements you have received from any person in any form (written, recorded, digital, electronic, or other), including, but not limited to, past or present employees of Defendant, relating to your claims in this lawsuit. Please include all statements in your possession that you received both before and after your separation of employment with Defendant.

**RESPONSE:**

6.     A resume, curriculum vitae, and all other prepared materials stating the qualifications of each individual who may be used by you as an expert witness at trial.

**RESPONSE:**

7.     A copy of all documents referenced, referred to, or relied upon in any of the foregoing interrogatories.

**RESPONSE:**

8.     All photographs, transcripts, notes, calendars, diaries, e-mails, recordings (audio, video, or otherwise), computer notes or diaries, or documentation *of any kind* which in any way reference, involve and/or evidence any of the matters alleged in the Complaint.

**RESPONSE:**

9.     A copy of your W-2 wage and tax statements and federal and state income tax returns for the years 2019 through the present date.

**RESPONSE:**

10.    All documents, including W-2 forms, pay stubs, statements, invoices, bills, receipts, and canceled checks, relating to or supporting your allegations that Defendant's acts or omissions resulted in economic loss (including, but not limited to, lost wages, benefits, and other actual damages) to you.

**RESPONSE:**

11.    Please produce all documents which you contend substantiate or support any of your claims for damages.

**RESPONSE:**

12.    All documents, including, but not limited to, affidavits, statements, or correspondence provided by you or on your behalf to the Equal Employment Opportunity Commission related to the allegations contained in your Complaint.

**RESPONSE:**

13.    All documents, including, but not limited to, correspondence, envelopes, or notice of right to sue, received by you from the Equal Employment Opportunity Commission related to the subject matter of this lawsuit.

**RESPONSE:**

14.    All electronic messages, e-mails, postings on internet message boards, and other electronic or digital transmissions of any kind created, sent, or received by you regarding any allegation contained in your Complaint or any facts related to this lawsuit.

**RESPONSE:**

15.     All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:

     a.     refer or relate to the allegations set forth in your Complaint;

     b.     refer or relate to any facts or defenses raised in Defendant's Answer;

     c.     reveal, refer, or relate to any emotion, feeling, or mental state; or

     d.     reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE:**

16.     Printouts from every page from your profiles as they existed on the date these discovery requests were served, from all social media applications in which you have participated or visited, including but not limited to, Facebook, Twitter, Google+, LinkedIn, and Instagram.

**RESPONSE:**

17.     Please produce any written or recorded statements of any employee, former employee, or representative of Defendant related to the incident alleged in your Complaint in your possession.

**RESPONSE:**

18.     To the extent not otherwise provided, please produce any documents or other tangible things, including any affidavits, which you contend support your claims against Defendant, or which you plan to introduce into evidence at trial in support of your claims against Defendant.

**RESPONSE:**

This the 7th day of December, 2021.

<div style="margin-left: 40%;">

**HARTZOG LAW GROUP LLP**

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN T. BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
 2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I served the attached document via U.S. mail to the following:

Valerie Bateman
Forrest Firm, P.C.
406 Blackwell St., Suite 420
Durham, NC 27701
Telephone: (919) 436-3592
Facsimile: (919) 436-3592
valerie.bateman@forrestfirm.com
*Attorney for Plaintiffs*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorney for Defendant David Johnson*

This the 7th day of December, 2021.

HARTZOG LAW GROUP

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

| | | |
|---|---|---|
| PATRICIA UZZELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT TOWN OF LUCAMA'S** |
| | ) | **FIRST SET OF INTERROGATORIES,** |
| COMMISSIONER DAVID JOHNSON, in | ) | **REQUESTS FOR ADMISSION, AND** |
| his individual and official capacity, and | ) | **REQUESTS FOR PRODUCTION** |
| TOWN OF LUCAMA, | ) | |
| | ) | |
| Defendants. | ) | |

**TO:    Patricia Uzzell, Plaintiff**
**By and Through Her Attorney of Record**
**Valerie Bateman**
**Via U.S. Mail**
valerie.bateman@forrestfirm.com

Please take notice these requests for admission, interrogatories, and requests for production of documents are propounded pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and should be answered under oath within thirty (30) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

A.    Plaintiff is required when answering these Interrogatories, to furnish all information that is available to her, her attorneys or agents, or anyone acting on behalf of her attorneys or agents. All references to the Plaintiff include her agents, attorneys, and employees.

B.    These Interrogatories are deemed to be continuing, such as to require the Plaintiff to serve supplemental answers should she learn of additional information called

for by these Interrogatories between the time answers are served and the time of trial. Said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

C.    You are under a duty to promptly amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response was incorrect when made or you know the response, though correct when made, is no longer true.

D.    "You" or "your" means Plaintiff Patricia Uzzell, her representatives, agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of her, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

E.    "Defendant" means Defendant the Town of Lucama, North Carolina, its agents, employees, assignees, affiliates or anyone active on its behalf.

F.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity, and their representatives.

G.    "Identify" when used with respect to a natural person, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses and telephone number or, if present addresses are unknown, the last residential and business address and

telephone number; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

H.      "Identify" when used with respect to an expert, means to state the individual's name or other means of identification, address, telephone number, profession or occupation, and the field in which he/she is allegedly an expert.

I.      "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its addresses; the addresses of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available, state any other available means of identifying such person.

J.      "Identify" when used in reference to a tangible thing, means to state its name, location, and a brief description of it.

K.      "Identify" when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, author, and addresses, and state the name, address, and business relationship (if any) to each party in this action of each and every person who has such document or any drafts or copies thereof in his or her or its possession, custody or control, and the location of such documents. A

request herein that a document be identified or described calls for the following additional specific information concerning it:

1. As to each document of a written communication mentioned or referred to in an answer, a statement of:

    a.    its nature (example: contract, report, letter, memorandum, etc.);

    b.    the date it was written;

    c.    the date it was received;

    d.    the identity of the party sending it;

    e.    the identity of the person to whom it was sent;

    f.    a statement of the subject matter and substance of the communication;

    g.    the identity of each person or persons who prepared it or participated in preparing it in any way; and

    h.    the name and last known address of the person who has custody of it as of the date these Interrogatories were answered.

2. As to each document other than a document of a written communication mentioned or referred to in an answer, a statement of:

    a.    its nature (example: contract, asset share study, memorandum, evaluation, report, photo, computer program, recording, etc.);

    b.    its title, if any;

    c.    the date it was prepared;

    d.    the identity of the person or persons who prepared it or participated in

preparing it in any way or signed it;

e.     a statement of its subject matter and substance; and

f.     the name and last known address of the person who presently has custody of it.

L.     The word "writing," "record," "document," or "documents" when used herein shall include, without limitation, every original and any non-identical copy of any written, printed, typed, recorded, transcribed, graphic matter, or data compilations from which information can be obtained or translated, however produced or reproduced, whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground. These include, but are not limited to, all reports, annual reports, records, writings, minutes, meeting notices, agendas and summaries pertaining to all meetings, formal or informal, handouts, diaries, calendars, summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, photographs, tapes, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic or mechanical transmissions, data sheets, financial statements, canceled and uncanceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, micro prints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records,

time slips or any other form of writing or record of any kind, including electronically stored information in computer banks, on disks, or any other electronic device, of any kind whatsoever. "Document" shall include official corporate documents as well as documents maintained personally in handwriting or otherwise by the Plaintiff or any employee, agent, attorney, assignee, or lessee thereof. "Document" shall also include all drafts or versions thereof.

      M.    "Communication" shall mean all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

      N.    If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production of documents or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

O.     If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

P.     General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

Q.     This Request is continuing in nature so as to require you to produce any further documents responsive to this Request obtained after the initial production and before trial.

R.     Documents shall be produced to the extent that they are in the possession of or subject to the control of the Plaintiff and her attorneys, agents, and all other persons acting, appearing, or purporting to act on behalf of the Plaintiff.

S.     If documents responsive to a Request are not available or no longer exist, state the reasons for their unavailability or non-existence. If any documents are unavailable because they are not in your possession, please identify their location and identity and address of the present custodian.

T.     If an Interrogatory or Request does not specify a time period, then the Interrogatory or request is seeking all responsive information at any time.

## REQUESTS FOR ADMISSION

1.      Admit that you are not, and have never been, an employee of the Town.

**ANSWER:**


2.      Admit that Defendant David Johnson is not an employee of the Town.

**ANSWER:**


3.      Admit that Defendant David Johnson is an elected official of the Town, serving as one of five of the Town's Commissioners.

**ANSWER:**


4.      Admit that the Town acts through its Board of Commissioners, as a whole, and not through any single Board member.

**ANSWER:**


5.      Admit that, during the December 2, 2019 Town Board meeting, Defendant David Johnson denied allegations that he used racial slurs to describe nonwhite Town employees.

**ANSWER:**


6.      Admit that you have never personally heard either Defendant David Johnson nor any other Lucama Town Commissioner use any racial slur to describe any Town employee.

**ANSWER:**

## INTERROGATORIES

1.    If your response to any of the foregoing requests for admission was anything but an unqualified admission, explain why.

   **ANSWER:**

2.    State Plaintiff's full name and date of birth.

   **ANSWER:**

3.    State each address Plaintiff has had in the last ten years, including her present address and the dates of residence at each.

   **ANSWER:**

| **Street Address** | **City and State** | **Dates** |
|---|---|---|

4.    Set forth the name, address, and telephone number of each person Plaintiff expects to use as an expert witness in this case. For each person identified, set forth her or her area of expertise, a summary of the subject matter on which the expert will testify, and identify any reports and/or documents that will be used to support the expert's testimony.

   **ANSWER:**

5.    Please provide the full name, last known address, and telephone number of every person known to Plaintiff or to her attorneys, who has any knowledge of any discoverable matters or any knowledge of the facts or circumstances surrounding the allegations in the Complaint, and state with particularity the substance of such knowledge.

   **ANSWER:**

6.      If Plaintiff is aware of the existence of any written or recorded statement, including any electronically transmitted statement, made by any party or potential witness in this action, state the name of each person making the statement, the date of the statement, and the name and last-known address of the person now in possession of the original statement and/or any copy of such statement.

**ANSWER:**


7.      Set forth an itemized statement (including a calculation of the dollar value) of all actual or alleged damages (including, but not limited to, back pay, front pay, and employee or retirement benefits) claimed to have been suffered by Plaintiff as a result of the Defendant's alleged conduct, and explain or define each element of those damages, and the precise mathematical calculation by which Plaintiff contends those damages have been or should be computed.

**ANSWER:**


8.      Please describe in detail every element of damages referenced in Plaintiff's Complaint, separately identifying and estimating each category of such damages and identifying all documents that support or relate thereto.

**ANSWER:**


9.      If you claim to have lost any income or sustained any other economic loss as a result of the events alleged in the Complaint, state the alleged amount of the loss and give a detailed explanation of the basis for the alleged lost income or economic loss and identify the evidence that supports the allegations of economic loss.

**ANSWER:**

10.    If any photographs, audiotapes, motion pictures, videos, or other recordings exist concerning any of the matters alleged in your Complaint or of any object involved in the matters alleged, please state what is shown by each such photograph or other recording; the date on which each such photograph or other recordings was taken; the name, address and telephone number of the person who took each such photograph or other recording; and the name, address and telephone number of the person who now has custody of such photograph or other recording.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant herewith serves upon you the following Requests for Production of Documents in the possession, custody or control of Plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to produce and permit Defendant or someone acting on its behalf to inspect and copy the following documents:

1.    All documents of any kind that relate in any way (whether supportive or not) to the claims alleged in the Complaint, or the defenses asserted in this action.

**RESPONSE:**

2.    All audio, video, electronic, digital, or other recordings and/or transcripts thereof made by you or on your behalf of any communications between you and any employee or agent (present or former) of Defendant.

**RESPONSE:**

3.    Any correspondence sent by or received by you (or any person acting on your behalf including but not limited to your attorney) to or from any person regarding any claims, defenses, facts, or allegations in this lawsuit. This request does not seek any information protected by the attorney-client privilege.

**RESPONSE:**

4.    All statements you have received from any person in any form (written, recorded, digital, electronic, or other), including, but not limited to, past or present employees of Defendant, relating to your claims in this lawsuit. Please include all statements in your possession that you received both before and after your separation of employment with Defendant.

**RESPONSE:**

5. A resume, curriculum vitae, and all other prepared materials stating the qualifications of each individual who may be used by you as an expert witness at trial.

**RESPONSE:**

6. A copy of all documents referenced, referred to, or relied upon in any of the foregoing interrogatories.

**RESPONSE:**

7. All photographs, transcripts, notes, calendars, diaries, e-mails, recordings (audio, video, or otherwise), computer notes or diaries, or documentation *of any kind* which in any way reference, involve and/or evidence any of the matters alleged in the Complaint.

**RESPONSE:**

8. All documents, including W-2 forms, pay stubs, statements, invoices, bills, receipts, and canceled checks, relating to or supporting your allegations that Defendant's acts or omissions resulted in economic loss (including, but not limited to, lost wages, benefits, and other actual damages) to you.

**RESPONSE:**

9. Please produce all documents which you contend substantiate or support any of your claims for damages.

**RESPONSE:**

10.    All documents, including, but not limited to, affidavits, statements, or correspondence provided by you or on your behalf to the Equal Employment Opportunity Commission related to the allegations contained in your Complaint.

**RESPONSE:**

11.    All documents, including, but not limited to, correspondence, envelopes, or notice of right to sue, received by you from the Equal Employment Opportunity Commission related to the subject matter of this lawsuit.

**RESPONSE:**

12.    All electronic messages, e-mails, postings on internet message boards, and other electronic or digital transmissions of any kind created, sent, or received by you regarding any allegation contained in your Complaint or any facts related to this lawsuit.

**RESPONSE:**

13.    All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:

a.    refer or relate to the allegations set forth in your Complaint;

b.    refer or relate to any facts or defenses raised in Defendant's Answer;

c.    reveal, refer, or relate to any emotion, feeling, or mental state; or

d.    reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE:**

14.     Printouts from every page from your profiles as they existed on the date these discovery requests were served, from all social media applications in which you have participated or visited, including but not limited to, Facebook, Twitter, Google+, LinkedIn, and Instagram.

**RESPONSE:**

15.     Please produce any written or recorded statements of any employee, former employee, or representative of Defendant related to the incident alleged in your Complaint in your possession.

**RESPONSE:**

16.     To the extent not otherwise provided, please produce any documents or other tangible things, including any affidavits, which you contend support your claims against Defendant, or which you plan to introduce into evidence at trial in support of your claims against Defendant.

**RESPONSE:**

This the 7th day of December, 2021.

**HARTZOG LAW GROUP LLP**

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN T. BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608

Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I served the attached document via U.S. mail to the following:

Valerie Bateman
Forrest Firm, P.C.
406 Blackwell St., Suite 420
Durham, NC 27701
Telephone: (919) 436-3592
Facsimile: (919) 436-3592
valerie.bateman@forrestfirm.com
*Attorney for Plaintiffs*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorney for Defendant David Johnson*

This the 7th day of December, 2021.

HARTZOG LAW GROUP

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

| | | |
|---|---|---|
| PATRICIA UZZELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT TOWN OF LUCAMA'S** |
| | ) | **FIRST SET OF INTERROGATORIES,** |
| COMMISSIONER DAVID JOHNSON, in | ) | **REQUESTS FOR ADMISSION, AND** |
| his individual and official capacity, and | ) | **REQUESTS FOR PRODUCTION** |
| TOWN OF LUCAMA, | ) | |
| | ) | |
| Defendants. | ) | |

**TO:    Melissa Hayman, Plaintiff**
**By and Through Her Attorney of Record**
**Valerie Bateman**
**Via U.S. Mail**
valerie.bateman@forrestfirm.com

Please take notice these requests for admission, interrogatories, and requests for production of documents are propounded pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and should be answered under oath within thirty (30) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

A.    Plaintiff is required when answering these Interrogatories, to furnish all information that is available to her, her attorneys or agents, or anyone acting on behalf of her attorneys or agents. All references to the Plaintiff include her agents, attorneys, and employees.

B.    These Interrogatories are deemed to be continuing, such as to require the Plaintiff to serve supplemental answers should she learn of additional information called

for by these Interrogatories between the time answers are served and the time of trial. Said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

C.     You are under a duty to promptly amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response was incorrect when made or you know the response, though correct when made, is no longer true.

D.     "You" or "your" means Plaintiff Melissa Hayman, her representatives, agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of her, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

E.     "Defendant" means Defendant the Town of Lucama, North Carolina, its agents, employees, assignees, affiliates or anyone active on its behalf.

F.     "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity, and their representatives.

G.     "Identify" when used with respect to a natural person, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses and telephone number or, if present addresses are unknown, the last residential and business address and

telephone number; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

H.  "Identify" when used with respect to an expert, means to state the individual's name or other means of identification, address, telephone number, profession or occupation, and the field in which he/she is allegedly an expert.

I.  "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its addresses; the addresses of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available, state any other available means of identifying such person.

J.  "Identify" when used in reference to a tangible thing, means to state its name, location, and a brief description of it.

K.  "Identify" when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, author, and addresses, and state the name, address, and business relationship (if any) to each party in this action of each and every person who has such document or any drafts or copies thereof in his or her or its possession, custody or control, and the location of such documents. A

request herein that a document be identified or described calls for the following additional specific information concerning it:

1. As to each document of a written communication mentioned or referred to in an answer, a statement of:

    a.    its nature (example: contract, report, letter, memorandum, etc.);

    b.    the date it was written;

    c.    the date it was received;

    d.    the identity of the party sending it;

    e.    the identity of the person to whom it was sent;

    f.    a statement of the subject matter and substance of the communication;

    g.    the identity of each person or persons who prepared it or participated in preparing it in any way; and

    h.    the name and last known address of the person who has custody of it as of the date these Interrogatories were answered.

2. As to each document other than a document of a written communication mentioned or referred to in an answer, a statement of:

    a.    its nature (example: contract, asset share study, memorandum, evaluation, report, photo, computer program, recording, etc.);

    b.    its title, if any;

    c.    the date it was prepared;

    d.    the identity of the person or persons who prepared it or participated in

preparing it in any way or signed it;

    e.    a statement of its subject matter and substance; and

    f.    the name and last known address of the person who presently has custody of it.

L.    The word "writing," "record," "document," or "documents" when used herein shall include, without limitation, every original and any non-identical copy of any written, printed, typed, recorded, transcribed, graphic matter, or data compilations from which information can be obtained or translated, however produced or reproduced, whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground. These include, but are not limited to, all reports, annual reports, records, writings, minutes, meeting notices, agendas and summaries pertaining to all meetings, formal or informal, handouts, diaries, calendars, summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, photographs, tapes, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic or mechanical transmissions, data sheets, financial statements, canceled and uncanceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, micro prints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records,

time slips or any other form of writing or record of any kind, including electronically stored information in computer banks, on disks, or any other electronic device, of any kind whatsoever. "Document" shall include official corporate documents as well as documents maintained personally in handwriting or otherwise by the Plaintiff or any employee, agent, attorney, assignee, or lessee thereof. "Document" shall also include all drafts or versions thereof.

      M.     "Communication" shall mean all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

      N.     If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production of documents or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

O.     If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

P.     General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

Q.     This Request is continuing in nature so as to require you to produce any further documents responsive to this Request obtained after the initial production and before trial.

R.     Documents shall be produced to the extent that they are in the possession of or subject to the control of the Plaintiff and her attorneys, agents, and all other persons acting, appearing, or purporting to act on behalf of the Plaintiff.

S.     If documents responsive to a Request are not available or no longer exist, state the reasons for their unavailability or non-existence. If any documents are unavailable because they are not in your possession, please identify their location and identity and address of the present custodian.

T.     If an Interrogatory or Request does not specify a time period, then the Interrogatory or request is seeking all responsive information at any time.

## REQUESTS FOR ADMISSION

1.     Admit that Defendant David Johnson is not an employee of the Town.

**ANSWER:**


2.     Admit that Defendant David Johnson is an elected official of the Town, serving as one of five of the Town's Commissioners.

**ANSWER:**


3.     Admit that the Town acts through its Board of Commissioners, as a whole, and not through any single Board member.

**ANSWER:**


4.     Admit that, during the December 2, 2019 Town Board meeting, Defendant David Johnson denied allegations that he used racial slurs to describe nonwhite Town employees.

**ANSWER:**


5.     Admit that you have never personally heard either Defendant David Johnson or any other Lucama Town Commissioner use any racial slur to describe any Town employee.

**ANSWER:**

## INTERROGATORIES

1.     If your response to any of the foregoing requests for admission was anything but an unqualified admission, explain why.

**ANSWER:**

2.     State Plaintiff's full name and date of birth.

**ANSWER:**

3.     State each address Plaintiff has had in the last ten years, including her present address and the dates of residence at each.

**ANSWER:**

| **Street Address** | **City and State** | **Dates** |
| --- | --- | --- |

4.     Set forth the name, address, and telephone number of each person Plaintiff expects to use as an expert witness in this case. For each person identified, set forth her or her area of expertise, a summary of the subject matter on which the expert will testify, and identify any reports and/or documents that will be used to support the expert's testimony.

**ANSWER:**

5.     State whether Plaintiff has ever been a party or claimant in a workers' compensation claim, unemployment claim, claim before the Department of Labor, charge of discrimination, lawsuit, or other legal or administrative (civil or criminal) claim or action of any kind, and for each such claim or action, set forth the date the claim or action was filed; the civil or criminal action number or other identifying number of the claim or action; the state, county, or district within which any such action was filed; the name of the opposing party in the claim or action; the type of injury for which the claim or action was filed; and the final resolution of the claim or action.

**ANSWER:**

6.     If Plaintiff has ever received disability benefits or workers' compensation benefits from any agency, company, or government organization, please state the nature and dates of such payments, from whom such payments were received, and a description of any injuries or disabilities for which such payments were made.

**ANSWER:**

7.     Please provide the full name, last known address, and telephone number of every person known to Plaintiff or to her attorneys, who has any knowledge of any discoverable matters or any knowledge of the facts or circumstances surrounding the allegations in the Complaint, and state with particularity the substance of such knowledge.

**ANSWER:**

8.     If Plaintiff is aware of the existence of any written or recorded statement, including any electronically transmitted statement, made by any party or potential witness in this action, state the name of each person making the statement, the date of the statement, and the name and last-known address of the person now in possession of the original statement and/or any copy of such statement.

**ANSWER:**

9.     Set forth an itemized statement (including a calculation of the dollar value) of all actual or alleged damages (including, but not limited to, back pay, front pay, and employee or retirement benefits) claimed to have been suffered by Plaintiff as a result of the Defendant's alleged conduct, and explain or define each element of those damages, and the precise mathematical calculation by which Plaintiff contends those damages have been or should be computed.

**ANSWER:**

10.     Please describe in detail every element of damages referenced in Plaintiff's Complaint, separately identifying and estimating each category of such damages and identifying all documents that support or relate thereto.

**ANSWER:**


11.     For each employer with whom Plaintiff has sought employment since her separation of employment with the Town, set forth the following:

    a.     the name, address, and telephone number of the employer;

    b.     the date(s) on which Plaintiff sought work from the employer;

    c.     the person(s) which whom Plaintiff had contact regarding said employment;

    d.     whether Plaintiff received an offer of employment, and, if so, the position, pay, and benefits offered; and

    e.     If Plaintiff was offered employment, whether you accepted or rejected the offer, and if he rejected it, the reasons for having done so.

**ANSWER:**


12.     Set forth a list of all employers by whom Plaintiff has been employed (including self-employment) since her separation of employment with the Town. Include the following in your response:

    a.     name, address, and telephone number of the employer and the supervisor;

    b.     position(s) held by Plaintiff, and a description of the job duties;

    c.     dates of employment;

    d.     rate of pay (hourly rate or annual salary, and bonuses received or to which entitled);

    e.     scheduled hours of work per week;

f.      benefits provided by employer (including, but not limited to, insurance benefits, retirement benefits, and stock options); and

g.      reason for termination of the employment, if applicable.

**ANSWER:**

13.    Set forth a list of sources from which Plaintiff has received income (other than from the Town and employers listed in response to Interrogatory No. 10) since her separation of employment from the Town. For each such source listed, please provide the following information:

a.      name, address, and telephone number of the source from which income was received;

b.      date(s) on which income was received from each source;

c.      total amount of income received from the source; and

d.      reason that income was received from the source.

**ANSWER:**

14.    If you claim to have lost any income or sustained any other economic loss as a result of the events alleged in the Complaint, state the alleged amount of the loss and give a detailed explanation of the basis for the alleged lost income or economic loss and identify the evidence that supports the allegations of economic loss.

**ANSWER:**

15.    List each job or position of employment, including self-employment, held by you during the last ten (10) years, stating as to each the name and address of the employer, the dates of commencement of and date of termination of each employment, the nature of

the employment and duties performed, the name and address of your immediate supervisor, your rate of pay or compensation received, and the reason for termination from each such employment.

**ANSWER:**

16.     If any photographs, audiotapes, motion pictures, videos, or other recordings exist concerning any of the matters alleged in your Complaint or of any object involved in the matters alleged, please state what is shown by each such photograph or other recording; the date on which each such photograph or other recordings was taken; the name, address and telephone number of the person who took each such photograph or other recording; and the name, address and telephone number of the person who now has custody of such photograph or other recording.

**ANSWER:**

17.     Identify all facts supporting your allegations that the Town subjected you to a racially hostile work environment.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendant herewith serves upon you the following Requests for Production of Documents in the possession, custody or control of Plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to produce and permit Defendant or someone acting on its behalf to inspect and copy the following documents:

1. All documents of any kind that relate in any way (whether supportive or not) to the claims alleged in the Complaint, or the defenses asserted in this action.

**RESPONSE:**

2. All written materials provided to you in connection with your employment with Defendant, including, but not limited to, policy manuals, employee handbooks, guidelines, memoranda, letters, e-mails, or other documents of any kind.

**RESPONSE:**

3. All audio, video, electronic, digital, or other recordings and/or transcripts thereof made by you or on your behalf of any communications between you and any employee or agent (present or former) of Defendant.

**RESPONSE:**

4. Any correspondence sent by or received by you (or any person acting on your behalf including but not limited to your attorney) to or from any person regarding any claims, defenses, facts, or allegations in this lawsuit. This request does not seek any information protected by the attorney-client privilege.

**RESPONSE:**

5.      All statements you have received from any person in any form (written, recorded, digital, electronic, or other), including, but not limited to, past or present employees of Defendant, relating to your claims in this lawsuit. Please include all statements in your possession that you received both before and after your separation of employment with Defendant.

**RESPONSE:**

6.      A resume, curriculum vitae, and all other prepared materials stating the qualifications of each individual who may be used by you as an expert witness at trial.

**RESPONSE:**

7.      A copy of all documents referenced, referred to, or relied upon in any of the foregoing interrogatories.

**RESPONSE:**

8.      All photographs, transcripts, notes, calendars, diaries, e-mails, recordings (audio, video, or otherwise), computer notes or diaries, or documentation *of any kind* which in any way reference, involve and/or evidence any of the matters alleged in the Complaint.

**RESPONSE:**

9.      A copy of your W-2 wage and tax statements and federal and state income tax returns for the years 2019 through the present date.

**RESPONSE:**

10.     All documents, including W-2 forms, pay stubs, statements, invoices, bills, receipts, and canceled checks, relating to or supporting your allegations that Defendant's

acts or omissions resulted in economic loss (including, but not limited to, lost wages, benefits, and other actual damages) to you.

**RESPONSE:**

11.     Documentation regarding any efforts made by you to obtain employment from the date of separation of your employment with Defendant to the present date, including, but not limited to, applications for employment, inquiries about employment made to prospective employers, weekly reports to the N.C. Division of Employment Security documenting efforts to secure work, rejection letters, acceptance letters, interview notes, and other correspondence with potential employers.

**RESPONSE:**

12.     Please produce all documents which you contend substantiate or support any of your claims for damages.

**RESPONSE:**

13.     All documents, including, but not limited to, affidavits, statements, or correspondence provided by you or on your behalf to the Equal Employment Opportunity Commission related to the allegations contained in your Complaint.

**RESPONSE:**

14.     All documents, including, but not limited to, correspondence, envelopes, or notice of right to sue, received by you from the Equal Employment Opportunity Commission related to the subject matter of this lawsuit.

**RESPONSE:**

15.     All electronic messages, e-mails, postings on internet message boards, and other electronic or digital transmissions of any kind created, sent, or received by you regarding any allegation contained in your Complaint or any facts related to this lawsuit.

**RESPONSE:**

16.     All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:

a.      refer or relate to the allegations set forth in your Complaint;

b.      refer or relate to any facts or defenses raised in Defendant's Answer;

c.      reveal, refer, or relate to any emotion, feeling, or mental state; or

d.      reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.

**RESPONSE:**

17.     Printouts from every page from your profiles as they existed on the date these discovery requests were served, from all social media applications in which you have participated or visited, including but not limited to, Facebook, Twitter, Google+, LinkedIn, and Instagram.

**RESPONSE:**

18.     Please produce any written or recorded statements of any employee, former employee, or representative of Defendant related to the incident alleged in your Complaint in your possession.

**RESPONSE:**

19.     To the extent not otherwise provided, please produce any documents or other tangible things, including any affidavits, which you contend support your claims against Defendant, or which you plan to introduce into evidence at trial in support of your claims against Defendant.

**RESPONSE:**

This the 7th day of December, 2021.

**HARTZOG LAW GROUP LLP**

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN T. BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
 2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I served the attached document via U.S. mail to the following:

Valerie Bateman
Forrest Firm, P.C.
406 Blackwell St., Suite 420
Durham, NC 27701
Telephone: (919) 436-3592
Facsimile: (919) 436-3592
valerie.bateman@forrestfirm.com
*Attorney for Plaintiffs*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorney for Defendant David Johnson*

This the 7th day of December, 2021.

HARTZOG LAW GROUP

KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
MARIAN BURROUGHS
N.C. State Bar No. 55124
E-mail: tburroughs@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant the Town of Lucama*