IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:20-cv-00167-FL

| | |
|---|---|
| PATRICIA UZZELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **PLAINTIFFS' REQUESTS FOR** |
| ) | **PRODUCTION TO DEFENDANT** |
| COMMISSIONER DAVID JOHNSON, ) | **TOWN OF LUCAMA** |
| In his individual and official capacity, ) | |
| and the TOWN OF LUCAMA, ) | |
| ) | |
| Defendants. ) | |

Please take notice these requests for admission, interrogatories, and requests for production of documents are propounded pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure and should be answered under oath within thi1iy (30) days from the date of service.

DEFINITIONS AND INSTRUCTIONS

A.   Plaintiff is required when answering these Interrogatories, to furnish all information that is available to her, her attorneys or agents, or anyone acting on behalf of her attorneys or agents. All references to the Plaintiff include her agents, attorneys, and employees.
B.   These Interrogatories are deemed to be continuing, such as to require the Plaintiff to serve supplemental answers should she learn of additional information called for by these Interrogatories between the time answers are served and the time of trial. Said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.
C.   You are under a duty to promptly amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response was incorrect when made or you know the response, though correct when made, is no longer true.
D.   "You" or "your" means Plaintiff Patricia Uzzell, her representatives, agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of her, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

1

E.      "Defendant" means Defendant the Town of Lucama, North Carolina, its agents, employees, assignees, affiliates or anyone active on its behalf.

F.      "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity, and their representatives.

G.      "Identify" when used with respect to a natural person, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses and telephone number or, if present addresses are unknown, the last residential and business address and telephone number; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

H.      "Identify" when used with respect to an expert, means to state the individual's name or other means of identification, address, telephone number, profession or occupation, and the field in which he/she is allegedly an expert.

I.      "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its addresses; the addresses of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available, state any other available means of identifying such person.

J.      "Identify" when used in reference to a tangible thing, means to state its name, location, and a brief description of it.

K.      "Identify" when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, author, and addresses, and state the name, address, and business relationship (if any) to each party in this action of each and every person who has such document or any drafts or copies thereof in his or her or its possession, custody or control, and the location of such documents. A request herein that a document be identified or described calls for the following additional specific information concerning it:

I.      As to each document of a written communication mentioned or referred to in an answer, a statement of:

a.      its nature (example: contract, report, letter, memorandum, etc.);
b.      the date it was written;
c.      the date it was received;
d.      the identity of the party sending it;
e.      the identity of the person to whom it was sent;
f.      a statement of the subject matter and substance of the communication;
g.      the identity of each person or persons who prepared it or participated in

2

preparing it in any way; and

h. the name and last known address of the person who has custody of it as of the date these Interrogatories were answered.

2. As to each document other than a document of a written communication mentioned or referred to in an answer, a statement of:

a. its nature (example: contract, asset share study, memorandum, evaluation, report, photo, computer program, recording, etc.);

b. its title, if any;

c. the date it was prepared;

d. the identity of the person or persons who prepared it or participated in preparing it in any way or signed it;

e. a statement of its subject matter and substance; and

f. the name and last known address of the person who presently has custody of it.

L. The word "writing," "record," "document," or "documents" when used herein shall include, without limitation, every original and any non-identical copy of any written, printed, typed, recorded, transcribed, graphic matter, or data compilations from which information can be obtained or translated, however produced or reproduced, whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground. These include, but are not limited to, all reports, annual reports, records, writings, minutes, meeting notices, agendas and summaries pertaining to all meetings, formal or informal, handouts, diaries, calendars, summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, photographs, tapes, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic or mechanical transmissions, data sheets, financial statements, canceled and uncanceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, micro prints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records, time slips or any other form of writing or record of any kind, including electronically stored information in computer banks, on disks, or any other electronic device, of any kind whatsoever. "Document" shall include official corporate documents as well as documents maintained personally in handwriting or otherwise by the Plaintiff or any employee, agent, attorney, assignee, or lessee thereof. "Document" shall also include all drafts or versions thereof.

M. "Communication" shall mean all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made

3

the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

N.      If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production of documents or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

0.      If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

P.      General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

Q.      This Request is continuing in nature so as to require you to produce any further documents responsive to this Request obtained after the initial production and before trial.

R.      Documents shall be produced to the extent that they are in the possession of or subject to the control of the Plaintiff and her attorneys, agents, and all other persons acting, appearing, or purporting to act on behalf of the Plaintiff.

S.      If documents responsive to a Request are not available or no longer exist, state the reasons for their unavailability or non-existence. If any documents are unavailable because they are not in your possession, please identify their location and identity and address of the present custodian.

T.      If an Interrogatory or Request does not specify a time period, then the Interrogatory or request is seeking all responsive information at any time.

1. All utility bills for each customer of the Town of Lucama municipal utilities (including but not limited to water and electricity) for each month during the time period between April 20, 2017, and the present.

2. All utility bill **adjustments** for municipal utilities (including but not limited to water and electricity) made by the Town between April 20, 2017, and the present.

3. All town budgets for the time period between April 20, 2017, and the present.

4

4. All applications for employment received by the Town between April 20, 2017, and the present.

5. All job postings for any positions for which employees were hired between April 20, 2018, and the present.

6. All personnel records for the Town for all employees working for the Town at any time between April 20, 2017, and the present.

7. All recordings and minutes of all Town meetings, including closed sessions, between April 20, 2017, and the present.

8. All invoices for legal services paid by the Town between April 20, 2017, and the present.

9. All financial or other compliance audits conducted of the Town between April 20, 2017, and the present.

10. A copy of all documents related to any insurance purchased by the Town.

11. A copy of all receipts for expenditures related to any work performed on or within 500 feet of the municipal building located at 111 S. Main Street, Lucama NC between April 20, 2017, and the present.

12. A copy of any records related to any purchases of vehicles made by the Town between April 20, 2017, and the present.

13. A copy of any records related to all purchases made with Town funds for any equipment used by the Crossroads Volunteer Fire Department between April 20, 2017, and the present.

This the 23rd day of May 2022.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
N.C. Bar 13417
209 Lloyd St., Ste 350
Carrboro, NC 27510
Telephone: (919) 810-3139
Email: valerie@newsouthlawfirm.com


/S/ JUNE K. ALLISON
June K. Allison
NEW SOUTH LAW FIRM
N.C. Bar 9673
233 S. Laurel Ave.
Charlotte, NC 28207
Telephone: (704) 277-0113
Email: june@newsouthlawfirm.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2022, Plaintiffs served the foregoing **PLAINTIFFS' REQUESTS FOR PRODUCTION ON DEFENDANT TOWN OF LUCAMA** to the following parties via electronic mail:

>Norwood P. Blanchard, III
>Crossley McIntosh Collier Hanley & Edes, P.L.L.C.
>5002 Randall Parkway
>Wilmington, NC 28403
>Tel. (910) 762-9711
>Fax. (910) 256-0310
>norwood@cmclawfirm.com
>*Attorney for Defendant David Johnson*
>
>/s/ Katie Weaver Hartzog
>KATIE WEAVER HARTZOG
>N.C. State Bar No. 32989
>E-mail: khartzog@hartzoglawgroup.com MARIAN BURROUGHS
>N.C. State Bar No. 55124
>E-mail: tburroughs@hartzoglawgroup.com 2626 Glenwood Avenue,
>Suite 305 Raleigh, North Carolina 27608
>Telephone: (919) 670-0338
>Facsimile: (919) 714-4635
>*Attorneys for Defendant the Town of Lucama*

This 23rd day of May 2022.

>/S/ VALERIE L. BATEMAN
>Valerie L. Bateman
>NEW SOUTH LAW FIRM